IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ANTHONY LAWRENCE LAROCHE,

    Petitioner,

v.

WARDEN EDWARD PHILIBIN,

Respondent.

CIVIL ACTION NO.: 6:16-cv-10

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Anthony Lawrence LaRoche ("LaRoche"), who is currently housed at Autry State Prison in Pelham, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 contesting his convictions obtained in the Toombs County Superior Court. (Doc. 1.) LaRoche subsequently filed a Motion to Amend his Section 2254 Petition, (doc. 10), which is **GRANTED**, but only to the extent that the contents of LaRoche's Motion are incorporated into the recommended disposition of this petition.[1] Respondent filed an Answer-Response and a Motion to Dismiss, (docs. 11, 12), to which LaRoche filed a Reply, (doc. 14). For the reasons which follow, I **RECOMMEND** that the Court **GRANT** Respondent's Motion, **DISMISS**

---

[1] In his Motion to Amend, (doc. 10), LaRoche contends he is entitled to discovery and to an evidentiary hearing regarding his claims. As to LaRoche's request for an evidentiary hearing, the Eleventh Circuit has recognized that "a hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989). Because LaRoche's claims are barred from review or are otherwise contradicted by the records of this Court, he is not entitled to an evidentiary hearing. As to LaRoche's request that the Court order production of LaRoche's prior hearings in the Toombs County Superior Court, the United States Supreme Court has recognized that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Because LaRoche's Petition is due to be dismissed for the reasons discussed below, the Court finds no reason to entertain his discovery request.

LaRoche's Petition, without prejudice, and **CLOSE** this case. I also **RECOMMEND** the Court **DENY** LaRoche a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

BACKGROUND

LaRoche entered an Alford plea in the Toombs County Superior Court on two counts of aggravated assault, in violation of O.C.G.A. § 16-5-21, and one count of theft by shoplifting, in violation of O.C.G.A. § 16-8-14, on August 18, 2015. (Doc. 13-1, p. 56.) LaRoche was sentenced to 20 years' imprisonment with four years to serve on both counts of aggravated assault, and to twelve months' imprisonment on the theft charge, to be served concurrently. (Id.) LaRoche did not timely file a direct appeal. On September 9, 2015, LaRoche filed a petition for writ of habeas corpus in the Toombs County Superior Court, which is still pending. (Id. at p. 78.) The Toombs County Superior Court has reported that, as of May 3, 2016, the various parties named in LaRoche's state habeas corpus petition and accompanying motions have been served via United States mail.[2] (Doc. 15.)

DICSUSSION

LaRoche filed this federal petition for writ of habeas corpus on December 11, 2015. (Doc. 1.) LaRoche challenges his Toombs County convictions on four grounds. First, LaRoche alleges that his convictions for two counts of aggravated assault violate the double jeopardy clause of the Fifth Amendment. (Id. at p. 5.) Second, he alleges the prosecution failed to disclose exculpatory evidence and allowed perjured testimony to be given during his plea hearing. (Id.) Third, LaRoche alleges Georgia's aggravated assault statute is void for vagueness

---

[2] On May 31, 2016, Petitioner filed a document entitled "Statement of Facts," in which he claims that he received a notice from the Toombs County Superior Court that his state habeas petition had been dismissed on June 12, 2015. (Doc. 16.) However, Petitioner did not attach that notice to his "Statement of Facts." Furthermore, the Toombs County Superior Court filed a notice on May 5, 2016, which indicated that the parties named in LaRoche's state habeas petition had been served on May 3, 2016. Accordingly, based upon the information provided to the Court, it appears that LaRoche's state habeas petition remains pending.

and, therefore, his conviction violated his right to due process. (Id.) Finally, LaRoche contends that he was denied the right to appeal his conviction. (Id. at p. 6.)

Respondent contends that LaRoche failed to exhaust his available state remedies before he filed his federal habeas petition. (Doc. 12-1, p. 2.) In fact, Respondent contends that LaRoche filed a petition for writ of habeas corpus in the Toombs County, Georgia, Superior Court on September 9, 2015, which is currently pending. (Id. at p. 4.)

I.  **Exhaustion**

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839–40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement also extends to a state's

3

collateral review process. Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a Section 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. §§ 2254(b) & (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The State may also explicitly waive the exhaustion requirement. Hills, 441 F.3d at 1376. Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

LaRoche has not shown that this Court should entertain his federal petition. Respondent has not waived the exhaustion requirement. In addition, there is no evidence that there is no available corrective process in the State of Georgia or that such process in ineffective to protect his rights. Though LaRoche claims, in his Motion to Amend, that the Toombs County Superior Court blocked his direct appeal and has prevented him from pursuing any other state remedies, he presents no evidence substantiating such claims. In fact, LaRoche has filed a state petition for writ of habeas corpus, along with several other motions pertaining to his claims, in the Toombs

4

County Superior Court. Though LaRoche claims that he received an order of dismissal of his state habeas petition, dated June 12, 2015, (doc. 16), he has not filed that order in this Court, nor has he shown that he exhausted his right to appeal an order of dismissal. Furthermore, the Toombs County Superior Court informed the Court on May 5, 2016, that the parties named in LaRoche's state habeas petition were served as recently as May 3, 2016. (Doc. 15.) Accordingly, because it appears LaRoche's state habeas petition remains pending, LaRoche has failed to show that there is an absence of available State corrective process or that circumstances exist that render such process ineffective to protect his rights. Moreover, there has not been an unreasonable amount of time elapsed since the time LaRoche filed his state habeas petition and the date of this Report. However, should LaRoche believe the Toombs County Superior Court has delayed unreasonably in ruling on his petition, LaRoche also has available to him the ability to seek a writ of mandamus from the Georgia Supreme Court to compel the trial court judge to rule on his petition. O.C.G.A. § 9-6-20; Jackson v. Walker, 206 F. App'x 969 (11th Cir. 2006). Once LaRoche's petition and motions in the Toombs County Superior Court are resolved, he may then file an appeal in a Georgia appellate court.

Accordingly, LaRoche failed to exhaust his available state remedies prior to filing this Petition, and his Petition should be dismissed, without prejudice. Respondent's Motion to Dismiss should be **GRANTED**.

## II.    Leave to Appeal *In Forma Pauperis* and Certificate of Appealability

The Court should also deny LaRoche leave to appeal *in forma pauperis,* and he should be denied a Certificate of Appealability ("COA"). Though LaRoche has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. See Thomas v. Crosby, 371 F.3d 782, 797 (11th Cir. 2004) (Tjoflat, J., specially concurring) ("A

district court may *sua sponte* grant or deny a COA at the same time it rules on the merits of a habeas petition or rejects it on procedural grounds. This is arguably the best time for a district judge to decide this matter because the issues are still fresh in [the district court's] mind."); Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal); Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell,

537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of LaRoche's petition and Respondent's Motion to Dismiss and applying the certificate of appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a certificate of appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.

CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 12), **DISMISS** LaRoche's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, (doc. 1), and CLOSE this case. I further **RECOMMEND** that the Court **DENY** a Certificate of Appealability and **DENY** LaRoche leave to proceed in forma pauperis.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address

any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon LaRoche and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 6th day of June, 2016.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA